**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

PAUL HUGHES and
JANET L. HUGHES

      Plaintiffs,

v.                                          Case No.: 5:03CV265/RV

HOLMES COUNTY BOARD OF
COUNTY COMMISSIONERS and
the HOLMES COUNTY ROAD
DEPARTMENT,

      Defendants.

_____

## ORDER

      The Plaintiffs' motion for summary judgment was granted in part and denied in part on September 2, 2005. The Defendants have now moved for a certification of appealability, pursuant to Title 28, United States Code, Section 1292(b). (Doc. 78).

**I.    DISCUSSION**

      Ordinarily all claims and issues in a case must be resolved before a party can appeal. Construction Aggregates v. Forest Commodities, 147 F.3d 1334 (11th Cir. 1998). However, a district court may allow the interlocutory appeal of a non-final order if the conditions set forth in Title 28, United States Code, Section 1292(b) are met. Section 1292(b) allows an interlocutory appeal on an issue, if: (1) the appealed issue involves a controlling question of law; (2) the appealed issue is one on which there is substantial ground for difference of opinion; and (3) an immediate appeal may

materially advance the ultimate termination of the litigation. 42 U.S.C. § 1292(b). Interlocutory appeal under Section 1292(b) should be used sparingly and only in exceptional circumstances, where the proposed appeal presents one or more difficult questions of law not settled by controlling authority. Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7 (1st Cir. 2005); In re Flor, 79 F.3d 281 (2nd Cir. 1996).

Here, the Defendants are seeking an interlocutory appeal of this court's conclusion in the September 2nd order that the Plaintiffs were not required to exhaust all available state remedies before pursuing their public use claim under the constitutional Fifth Amendment takings clause. While the issue the Defendants are seeking to appeal is one on which there is substantial ground for difference of opinion, certification of appeal does not appear to be warranted because the issue was only tangentially related to the September 2nd order, and the issue was not raised by the parties or adequately briefed by them.

The law is clear that, in the case of a Fifth Amendment just compensation claim under the takings clause, a plaintiff is required to exhaust any available state remedies before proceeding to federal court. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985); Bickerstaff Clay Products, Inc. V. Harris County, Ga., 89 F.3d 1481 (11th Cir. 1996). It is unclear, however, whether this requirement extends to public use challenges under the takings clause. Williamson County and Bickerstaff use broad language in describing the exhaustion requirement, but the rationale given in Williamson County for the requirement that a state cannot be said to have denied a landowner compensation unless the landowner has first resorted to available state judicial procedures for obtaining compensation does not apply to public use challenges to governmental takings. See Williamson County, supra, 473 U.S. at 182, 105 S. Ct. At 3114, 87 L. Ed. 2d at 136. Other circuits addressing this issue have split on whether the exhaustion requirement applies to public use challenges. Compare

Motgomery v. Carter County, Tenn., 226 F.3d 758 (6th Cir. 2000) (no exhaustion requirement for public use claims); Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1996) (same); Samaad v. City of Dallas, 940, F.2d 925 (5th Cir. 1991) (same) with Daniels v. Area Plan. Commission of Allen County, 306 F.3d 445 (7th Cir. 2002) (exhaustion of state remedies is a prerequisite to filing public use claim). Given the seemingly ambiguous language in Bickerstaff, as well as the fact that there is a circuit split on the issue, the issue is one on which there is substantial grounds for a difference of opinion.

Nevertheless, appeal under Section 1292(b) is not appropriate in this case. In an appeal under Section 1292(b), it is the order appealed from, and not the issue certified for appeal, that determines the scope of review. Aldridge v. Lily-Tulip, 40 F.3d 1202 (11th Cir. 1994). The Defendants are seeking appeal from the September 2nd order of this court which ruled on the Plaintiffs' motion for summary judgment. This order denied the Plaintiffs' motion with respect to its public use claim. The Defendants are thus in the procedurally awkward position of attempting to appeal an order on a motion in which they prevailed. The Defendants did not file their own motion for summary judgment, and in their response to the Plaintiffs' motion for summary judgment, they did not argue that Plaintiffs' public use claim should be dismissed for failing to exhaust state remedies. While I did raise the issue sua sponte in the September 2nd order, the issue was not raised by the Defendants and did not directly determine the outcome of the plaintiffs' motion.

Also, Section 1292(b) requires that "immediate appeal from the order may materially advance the ultimate termination of the litigation." 42 U.S.C. 1292(b). Even if the Defendants' appeal were to result in the dismissal of Plaintiffs' public use claim, the Plaintiffs in this case have alleged a claim against the Defendants for trespass. The exhaustion issue is inapplicable to Plaintiffs' trespass claim.  This case has already proceeded through the summary judgment stage. All discovery in the case is complete.

I cannot say that an interlocutory appeal would (or may) materially advance the termination of this litigation.

### III.    CONCLUSION

For the above reasons, the Plaintiffs' motion for certification of appealability (Doc. 78) is DENIED.

DONE AND ORDERED this 30th day of September, 2005.

>       /s/ *Roger Vinson*
>       **ROGER VINSON**
>       **Senior United States District Judge**